On appellant's petition for reconsideration filed January 5, reconsideration allowed, former opinion (267 Or App 791, 341 P3d 187 (2014)) adhered to March 18, 2015

COPELAND SAND & GRAVEL, INC.,
an Oregon corporation,
*Plaintiff-Respondent,*

*v.*

ESTATE OF ANGELINE DILLARD,
aka Angeline Smith Dillard;
Jane D. Evans;
and also all other persons or parties unknown
claiming any right, title, lien or interest in the
property described in the complaint herein,
*Defendants,*

*and*

Richard SKIDMORE,
*Defendant-Appellant.*

Josephine County Circuit Court
11CV0323; A154147

346 P3d 526

Pat Wolke, Judge.

Eric B. Mitton and Hornecker Cowling LLP for petition.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

PER CURIAM

## PER CURIAM

Defendant, Skidmore, petitions for reconsideration of our decision in *Copeland Sand & Gravel v. Estate of Angeline Dillard*, 267 Or App 791, 341 P3d 187 (2014). In that decision, we agreed with defendant that his reservation of mineral rights "'includes common rock such as basalt'" and, accordingly, "reverse[d] the part of the judgment declaring that the reservation of mineral rights does not include 'rock * * * used for construction purposes.'" *Id.* at 799. We remanded "for further proceedings consistent with [our] opinion," but we did not address whether the trial court also erred in denying defendant's cross-motion for summary judgment—because we did not understand defendant to have assigned error to the denial of his cross-motion for summary judgment.[1] *Id.* Skidmore urges us to reconsider our decision and hold that the trial court's denial of his cross-motion for summary judgment was error. Plaintiff Copeland has not responded. We allow the petition for reconsideration but adhere to our original decision.

Copeland's claim for declaratory relief consisted of two counts: (1) that defendants' mineral reservation "created no right or interest in the rock" and (2) that none of the defendants has a right in the property, "including but not limited to any interest pursuant to the mineral reservation." Skidmore's answer contained no counterclaims. His motion sought "summary judgment against [p]laintiff's complaint, establishing [d]efendant Skidmore's mineral rights in the property at issue and preventing Copeland Sand & Gravel, Inc. from mining the minerals on said property, including the basaltic rock." He asked the court to "deny [p]laintiff's claims in their entirety."

On appeal, Skidmore presented a single assignment of error: "The trial court erred in determining that the mineral rights reservation at issue did not include the right to mine common rock such as basalt." He asked the court to "reverse and instead rule that the mineral reservation at issue includes common rock such as basalt." That is precisely what we held, *Copeland*, 267 Or App at 799, and

---

[1] *See* ORAP 5.45(3) (requiring opening briefs to separately assign error to and "identify precisely" each ruling that is being challenged).

the declaration entered on remand must be consistent with our holding. On the record and argument presented to us, however, it is not clear whether our ruling fully resolves Skidmore's motion for summary judgment, or whether there is merely an area of intersection between the two. The extent to which our ruling resolves the parties' disputes is an issue for remand.

Reconsideration allowed; former opinion adhered to.